UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CRIMINAL ACTION NOS.  6:02-CR-73-KKC
6:03-CR-46-KKC

UNITED STATES OF AMERICA,                                                                         PLAINTIFF

v.                                           **OPINION AND ORDER**

TIMOTHY WAYNE MILLER,                                                                         DEFENDANT

\* \* \* \* \* \* \* \*

    This matter is before the Court on defendant Timothy Wayne Miller's motion for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines (DE 179). The amendment reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses.

    The defendant pleaded guilty to charges under two separate indictments. On the first indictment, he pleaded guilty to six counts relating to the distribution of methamphetamine and oxycodone including one count of conspiring to distribute over 50 grams of methamphetamine and one count of carrying a firearm during a drug-trafficking crime. On the second indictment, he pleaded guilty for failing to appear before the court while on release pending trial.

    Under 21 U.S.C. § 841(b)(1)(A), the statutory minimum sentence for the defendant's conspiracy charge was 240 months because the defendant had a prior conviction for a felony drug offense. Pursuant to 18 U.S.C. § 924(c)(1)(A), the statutory minimum sentence for the firearm charge was 60 months which must run consecutive to the 240 months. The Court sentenced the defendant to a term of 120 months on the failure-to-appear charge from the

second indictment, to be served concurrently to the 240-month term imposed for the charges on the first indictment. Thus, the Court sentenced the defendant to a total term of 300 months.

The defendant's sentence is not impacted by Amendment 782. This is because the defendant was subject to two statutory mandatory-minimum sentences: 240 months on the drug charges and 60 months on the gun charge. Those sentences are required by statute to run consecutively.

Amendment 782 did not reduce the statutory mandatory minimum and, thus, had no impact on the defendant's sentence. A defendant who is subjected to a statutory mandatory-minimum sentence may not benefit from an amendment reducing the Drug Quantity Table offense levels because the statutory mandatory minimum is unchanged and still applies. *See, e.g.*, *United States v. Kelley*, 570 F. App'x 525, 531 (6th Cir. 2014) ("[T]he amendments at issue do not lower [the defendant]'s applicable guideline range, because the statutory mandatory minimum term of imprisonment trumps [the defendant's] otherwise applicable guideline range."); *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) ("Where a mandatory minimum sentence exceeds the otherwise applicable Guidelines range . . . it replaces the Guidelines range.").

For these reasons, the defendant's motion is DENIED.

Dated April 29, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY